IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Respondent*,<br><br>v.<br><br>CORNELL LOUIS ROBINSON,<br>*Petitioner.* | CRIMINAL NO.: ELH-14-0403<br><br>CIVIL NO.: ELH-20-1798 |

**MEMORANDUM**

Cornell Robinson, Petitioner, has filed a Motion to Vacate Judgment under 28 U.S.C. § 2255. ECF 143 ("Petition"). The motion was filed on Johnson's behalf by the Office of the Federal Public Defender ("FPD"), based on *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019). However, the FPD has since withdrawn its representation of Petitioner. ECF 151 (Motion); ECF 152 (Order of 5/4/22). Nevertheless, Robinson has advised that he seeks to pursue his post-conviction petition. ECF 154. He asks this Court to vacate his conviction for possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). ECF 143. The government opposes the Petition. ECF 156. Robinson has not responded.

No hearing is necessary to resolve the Petition. For the reasons that follow, I shall deny the Petition.

**I.   Background**

Robinson and a codefendant were indicted on August 27, 2014. ECF 1. Of relevance here, Robinson was charged in a Superseding Indictment (ECF 19) with carjacking, in violation of 18 U.S.C. § 2119(1) (Count One); Possession and Brandishing Firearms, in furtherance of a Crime of Violence, under 18 U.S.C. § 924(c) (Count Two); and Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Three).

On July 29, 2015, after a three-day jury trial before the Honorable J. Frederick Motz, the jury convicted Robinson of carjacking, possession of a firearm in furtherance of a crime of violence, and possession of a firearm by a prohibited person. ECF 101.

Sentencing was held on November 13, 2015. Judge Motz sentenced Robinson to 96 months of imprisonment for Count One; a consecutive term of 84 months for Count Two; and to 96 months of imprisonment for Count Three, concurrent with Counts One and Two. Thus, defendant received a total sentence of 180 months of incarceration. ECF 119. The Court also sentenced Robinson to five years of supervised release.

Robinson filed a timely appeal, but the appeal did not raise the issue pertinent to the Petition. ECF 121. The Fourth Circuit affirmed (ECF 133), and the mandate issued on May 17, 2017. ECF 134.

## II. Legal Standard

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such a sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'" *See Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255); *see United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015); *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010).

Under § 2255, the Petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

And, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of collateral attack under § 2255 is narrower than on appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 578 U.S. 488, 519 (2016) (Alito, J., concurring) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). A failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion, unless the petitioner can demonstrate "cause and actual prejudice resulting from the errors of which he complains," or "actual innocence." *Pettiford*, 612 F.3d at 280 (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)); *see Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal quotations and citations omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *see also Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339, 354 (1994) (stating that "the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged violation.'"); *Finch v. McKoy*, 914 F.3d 292, 298 (4th Cir. 2019) (discussing requirements for a claim of actual innocence); *United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009).

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by

3

lawyers"); *Quintero v. Garland*, 998 F.3d 612, 634 (4th Cir. 2021) (same); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (per curiam) (same).

Pursuant to 28 U.S.C. § 2255(b), the court must hold an evidentiary hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief . . . ." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021); *see United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Ordinarily, a district court has discretion as to whether to hold a hearing, but "a hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record, or when a credibility determination is necessary to resolve the claim . . . ." *Mayhew*, 995 F.3d at 176-77. If the district court "denies relief without an evidentiary hearing," the appellate court will "construe the facts in the movant's favor." *United States v. Akande*, 956 F.3d 257, 261 (4th Cir. 2020); *see also United States v. Turner*, 841 F. App'x 557, 559 (4th Cir. 2021) (same)

In my view, no hearing is necessary.  As discussed below, no colorable claim has been presented in the Petition.

### III.    Discussion

#### A.

At the time of Robinson's conviction, the law did not require a defendant to know that his prior conviction was a felony conviction.  *See United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).  After Robinson's conviction, the Supreme Court decided *Rehaif*, making clear that, in addition to proving that the defendant knew he possessed a firearm, the government must also prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm."  *Rehaif*, 139 S. Ct. at 2200.

4

Accordingly, Robinson now claims that his conviction is invalid for three reasons: (1) the indictment did not allege the knowledge-of-status element of 18 U.S.C. § 922(g), as required under *Rehaif*; (2) the evidence presented by the government at trial did not prove Robinson knew of his prohibited status at the time he possessed the firearm; and (3) the Court violated the Sixth Amendment by failing to instruct the jury on the knowledge-of-status element of § 922(g). ECF 143.

Petitioner failed to raise on direct review the claim he asserts here. To sufficiently excuse a procedural default, a defendant must either show: (1) cause for the default and prejudice as a result; or (2) actual innocence of his conviction. *United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012); *see Massaro v. United States*, 538 U.S. 500, 504 (2003).

"[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). A procedural default cannot be excused because a defendant failed to recognize and raise a claim on direct appeal. *Smith v. Murray*, 477 U.S. 527, 535 (1986). In order to determine whether a claim is novel enough to satisfy actual cause, courts ask not "whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Murray*, 477 U.S. at 537.

As noted, the Supreme Court did not decide *Rehaif* until 2019. But, the government points out that the issue of whether a defendant must know that he is a prohibited person under 18 U.S.C. § 922(g) was frequently litigated in the Fourth Circuit. *See*, *e.g.*, *United States v. Langley*, 62 F.3d 602, 604 (4th Cir. 1995) (en banc) (holding that a defendant need not know of his status as a prohibited person under § 922(g)); *United States v. Santiesteban*, 825 F.2d 779, 782 (4th Cir. 1987) (same); *United States v. Williams,* 588 F.2d 92, 92-93 (4th Cir. 1978) (rejecting arguments similar

5

to those raised in *Rehaif*). Therefore, a *Rehaif* claim is not so novel as to excuse procedural default. *See*, *e.g.*, *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020) (holding that petitioner's *Rehaif* claim was not "truly novel" so as to excuse procedural default).

Alternatively, Robinson cannot show that his defense counsel was ineffective for failing to raise this claim, nor does he assert as much. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) (holding that defendants may establish cause for procedural default through deficient defense counsel). A claim of ineffective assistance of counsel cannot rest on an attorney's failure to anticipate changes in the law. *United States v. McNamara*, 74 F.3d 514, 516 (4th Cir. 1996).

Even if Robinson could demonstrate cause, he cannot show prejudice. A sufficient showing of prejudice requires a petitioner to prove that the prejudicial error "worked to his actual and substantive disadvantage," and was of "constitutional dimension." *Frady*, 456 U.S. at 170. Robinson can only demonstrate prejudice if he can prove that there is a "reasonable probability" that the trial would have had a different result, but for the alleged prejudice. *Strickler v. Greene*, 527 U.S. 263, 289 (1999).

On collateral review, the standard for prejudice is higher than it is on direct appeal. *See Frady*, 456 U.S. at 166 (ruling that petitioners on collateral review have a higher standard than plain error standard applicable to direct appeals). Robinson has not presented any new evidence that supports a conclusion that his trial would have had a different result.

**B.**

In the context of a habeas case, habeas petitioners may use an actual innocence claim to excuse a procedural default of a separate constitutional claim upon which they request habeas relief. *See Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in

6

the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*; *see Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). A petitioner who wishes to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

It does not appear that the Supreme Court has ever held that habeas relief extends to freestanding claims of actual innocence. *Herrera v. Collins*, 506 U.S. 390, 404-405 (1993). "Courts have consistently emphasized that actual innocence for the purposes of *Schlup* [*v. Delo*, 513 U.S. 298 (1995)] is a procedural mechanism rather than a substantive claim." *Finch v. McCoy,* 914 F.3d 292, 298 (4th Cir. 2019) (*citing Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012)). Thus, a federal habeas petitioner may assert a claim of actual innocence to overcome a procedural bar to review, *Schlup*, 513 U.S. at 326, or to overcome AEDPA's one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Actual innocence, if then proven, "serves as a gateway through which a habeas petitioner may pass" when, for example, AEDPA's statute of limitations has expired. *Finch*, 914 F.3d at 294. If a petitioner satisfies the requisite standard, the district court may then consider the petitioner's procedurally defaulted claims. *Id.* at 298.

To show "actual innocence" in this context, the petitioner "must demonstrate actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *Mikalajunas*, 186 F.3d at 494 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998). In order to present a credible claim of actual innocence, a habeas petitioner must present "new reliable evidence—whether it be

7

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup* 513 U.S at 324; *see also Finch*, 914 F.3d at 298.

Moreover, a petitioner must "'demonstrate that the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt, such that his incarceration is a miscarriage of justice.'" *Finch*, 914 F.3d at 298 (quoting *Teleguz*, 689 F.3d at 329). It is an "exacting standard," based on a "'holistic judgment about all the evidence'. . . ." *Finch*, 914 F.3d at 299 (quoting *House v. Bell*, 547 U.S. 518, 539 (2006)). "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.

Pursuant to 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to knowingly "possess in or affecting commerce, any firearm or ammunition[.]" As the government notes, ECF 156 at 5, "Robinson is, in fact, a person convicted of a crime punishable by imprisonment for a term exceeding one year."

In 1994, Robinson was convicted in the Circuit Court for Montgomery County of transportation of a firearm. ECF 112, ¶ 30. He was sentenced to three years of incarceration, with two years and five months suspended. *Id.* In Maryland, a defendant must be advised of the maximum possible for penalties for the charges against him at an initial appearance. Md. Rule 4-213(a)(2); *see also Smith v. State*, 88 Md. App. 32, 35, 591 A.2d 902, 903 (1991) (requiring a defendant in Maryland District Court to be informed of the charges against the defendant as well as allowable and mandatory penalties).

8

To be sure, Robinson served less than one year of incarceration. But, the length of time that defendant served is not controlling. He was *sentenced* to more than one year of imprisonment. Although most of the sentence was suspended, Robinson falls squarely within the prohibited persons category in § 922(g)(1).

Additionally, during Robinson's trial, Judge Motz informed the jurors of the parties' stipulation that Robinson had previously been convicted of a crime subject to a term of imprisonment for longer than one year. Judge Motz stated: "It's admissible only for purposes of proving that element for the crime. The parties stipulated to it. It is evidence." ECF 128 at 129.

As noted, to support a claim of actual innocence, a habeas petitioner must present new evidence that demonstrates his conviction was incorrect. *Schlup*, 513 U.S. at 324. Robinson presents no new evidence. In his affidavit (ECF 154), Robinson writes that his conviction should be vacated because he did not serve a sentence longer than one year in prison. Robinson cites the requirement in § 922(g)(1), and explains that "he only serve[d] 5 and a half months, from October 1994, until March 1995." *Id.* But, the evidence demonstrates that Robinson was sentenced to a term exceeding one year. And, Robinson certainly knew or should have known that, despite not serving a prison sentence of longer than one year, he was sentenced to one. Therefore, he meets the requirements of § 922(g)(1).

In sum, Robinson cannot meet his burden of showing actual innocence because he cannot demonstrate that he was unaware that he had previously been sentenced to a term of imprisonment in excess of one year, where: (1) he was sentenced to three years' imprisonment for his 1994 conviction in Maryland court, with two years and five months suspended (*see* ECF 112, ¶ 30); (2) Maryland law requires Robinson to have been made aware of the maximum sentence allowable

for his conviction; and (3) during his July 2015 trial for the present conviction, the parties stipulated to the fact that defendant was a prohibited person under 18 U.S.C. § 922(g).

## C.

In *Rehaif*, the Supreme Court clarified the *mens rea* requirement for one offense at issue here. It held that, in a prosecution under 18 U.S.C. § 922(g), "the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. Defendant seeks relief based on *Rehaif*, 139 S. Ct. 2191.

However, in *Greer*, ____ U.S. ___, 141 S. Ct. 2090 (2021), the Supreme Court observed that in a felon-in-possession case "the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon." *Id.* at 2097. The Court added, *id.*: "The reason is simple: If a person is a felon, he ordinarily knows he is a felon." The Court ruled that "a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100.

Robinson has not presented evidence supporting the claim that he did not know he was a prohibited person. Robinson's claim must fail.

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a

COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck*, 137 S. Ct. at 773.  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.[1]

An Order follows, consistent with this Memorandum.


Date:  November 8, 2022                                     /s/
                                                   Ellen L. Hollander
                                                   United States District Judge

---

[1] Where the district court denies a COA, this does not preclude a petitioner from seeking a COA from the appellate court.